## W. F. TUNNARD *v.* JAMES HILL.

Certain facts deemed sufficient evidence in corroboration of the testimony of a single witness who proved an express promise to pay a demand exceeding $500.

The proper mode of proceeding against the purchaser of mortgaged property, by a creditor who seeks to be paid out of the balance of the price, retained by the purchaser for the payment of mortgage debts, is by rule. But objections to an original action are waived by pleading the general issue.

APPEAL from the Seventh District Court of East Feliciana, *Sterling*, J. *J. B. Smith*, for plaintiff. *Benjamin, Bradford & Finney*, for defendant and appellant.

SPOFFORD, J. On the 7th June, 1851, the defendant, *Hill*, purchased at sheriff's sale in the parish of East Feliciana, the plantation, slaves, stock, &c. of one *Pleasant G. Harbor*, for the price of $31,570, cash, of which sum $13,-451 50-100 was applied to the satisfaction of the writs of seizure and sale in favor of *Hill* himself, under which the property was sold, and the balance, $18,118 50-100, was, according to the sheriff's return, "retained in the hands of the purchaser to pay and satisfy all privileges and mortgages in their order, rank and privilege."

The plaintiff was at that time, and still is, owner of a judgment against *Harbor* for the sum of $1359 99-100, with a privilege on certain mules, sold by

one *Shropshire* to *Harbor* for the use of the plantation aforesaid. This judgment was properly inscribed in the parish recorder's office, on the 9th April, 1851, and therefore affected the property of *Harbor* purchased by *Hill*, as a judicial mortgage.

Nearly two years after the sale, the plaintiff *Tunnard* brought this suit against *Hill*, claiming the amount of his judgment aforesaid out of the funds retained in *Hill's* hands for the purpose of paying the mortgage and privilege creditors of *Harbor*. In an amended petition he alleged that *Hill* specially assumed and promised to pay this debt. *Hill* answered by pleading the general issue, and averring that if the plaintiff ever had any privilege on the mules sold to *Harbor*, he lost it by suffering them to be sold with the plantation, without interposing any claim.

The plaintiff had judgment, and the defendant has taken this appeal.

In this court the defendant, for the first time so far as we can judge from the pleadings and evidence, sets up the special defence that he is not liable to pay the plaintiff, because there were enough mortgages and privileges of superior rank to that of the plaintiff to absorb the large balance of his bid, which he retained for the purpose of paying off such incumbrances.

The mortgage certificates attached to the *proces verbal* of the sheriff's sale do show that there was an apparent indebtedness of *Harbor* to a somewhat larger amount registered before the plaintiff's judgment. But this fact was never distinctly put at issue by the defendant in the District Court. It does not even appear that he offered the mortgage certificates separately in evidence, so as to call the plaintiff's attention to them. He does not now assert that all the prior mortgages are veritable claims which he has been or will be compelled to pay. He does not show that he has been ordered to pay anything but the *Niles & Co.* debt. These circumstances, in connection with the sheriff's return, that the defendant retained the greater part of the price "to pay *all* privileges and mortgages," corroborate the evidence of a witness who testifies that he expressly agreed to pay the plaintiff.

Although it would have been more regular for the plaintiff to have proceeded by a rule, the defendant has waived all objections on that score by his mode of pleading.

As we think substantial justice has been done, we will not turn the plaintiff round to a new proceeding.

Judgment affirmed.

---

Defendant's counsel made the following argument for a re-hearing:

The plaintiff placed his right of action on two grounds: 1st. That the defendant by his purchase had "made himself liable" for the payment of all the privilege mortgage debts of the plantation.

And 2d. That the defendant had specially assumed and promised to pay the plaintiff's debt.

On the first point, the proof, so far from sustaining the plaintiff's allegation, directly conflicts with it. The defendant, by his purchase, did not assume or make himself personally liable for the payment of any of the debts of the plantation. He only retained a fund, out of which the privilege and mortgage creditors were entitled to be paid, "in their rank and order," to the extent of the fund.

On the second point, the plaintiff offered the testimony of a single witness, which is not only insufficient, unless supported by corroborating circumstances, to make the required proof, but which, as it is believed, when properly construed, does not authorize the unqualified conclusion which the plaintiff wishes

Tunnard
v.
Hill.

to draw from it. The expression imputed to the defendant, "that he was desirous to have the claim settled and paid at as early a day as possible," implies that such settlement and payment did not depend on the defendant alone, but required the action or concurrence of others to authorize it. The further expression, " that he had assumed the payment of all the privileged claims against the estate, amongst which this was enumerated," was probably a misapprehension of the witness, for the fact was not so.

Upon this state of facts, it was believed that the plaintiff had not made out his case; that he had not furnished the court with the means of arriving at an intelligent conclusion and of pronouncing with confidence upon the justice or injustice of the plaintiff's claim. Still more confident was the defendant in the belief, when, upon referring to the mortgage certificates, it was apparent to the court that the incumbrances on the plantation, prior to that of the plaintiff, were more than sufficient to exhaust the funds in the hands of the defendant.

The court appears, however, to have considered that the mode in which the defence was conducted was a "corroborating circumstance" sufficient to sustain the plaintiff's proof, and to have drawn from the manner in which the pleadings were made up and the argument conducted, inferences against the reality and justice of the defendant's case.

It is said, that the fact that the fund in the hands of the defendant was insufficient to discharge the privilege and mortgage claims on the plantation, superior "in rank and order" to that of the plaintiff, "was not distinctly put at issue by the defendant in the District Court;" and the court proceeds to remark that "he (the defendant) *does not now assert* that all the prior mortgages are veritable claims which he has been or will be compelled to pay."

The counsel for the defendant begs leave to explain to the court, that he made no assertion of the kind in the argument at bar, because he could not do so without travelling out of the record. But as his reserve on that point has been misconstrued by the court, to the prejudice of his client, he feels it to be his duty to correct it. He begs, therefore, to be permitted to assure the court that the defendant *has already* paid, on account of such prior incumbrances, more than the whole amount of the funds retained in his hands for that purpose, that he accordingly advised the defendant, *before this suit was brought*, that the plaintiff had no valid claim against him. The defendant was a non-resident; and claim after claim was presented and paid, till he became greatly alarmed at the demands upon him. And, under these circumstances, if the judgment of the court below be affirmed, so far from doing " *substantial justice*" between the parties, it must work the defendant an irreparable injury.

The defendant, therefore, prays that a re-hearing be granted, and the case remanded for further proceedings.

Re-hearing refused.